UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Richard Sazonoff, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>National Credit Adjusters, LLC,<br><br>Defendant. | Case No.<br><br>**Complaint – Class Action**<br><br>**Jury Trial Demanded** |

**Nature of the Action**

1.      Richard Sazonoff ("Plaintiff") brings this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of consumers in Kansas and Illinois whose private, debt-related information National Credit Adjusters, LLC ("Defendant") shared with an unauthorized third party in its efforts to collect their debts.

2.      By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3.      The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained that "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      Pertinent here, the FDCPA at section 1692c(b), titled "Communication with third parties," commands:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5.      And the provision cross-referenced, section 1692b, governs how a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6.      The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

7.      Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often communicate with third-party mail vendors in connection with the collection of consumer debts, including by sending those vendors personal information regarding consumers' alleged debts.

---

[1]      *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited May 25, 2021).

8.      Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9.      These third-party letter vendors use information provided by debt collectors—such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

10.     This unnecessary, and illegal, practice of communicating with third parties in connection with the collection of consumer debts exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11.     Upon information and belief, Defendant routinely communicates with third-party vendors, in connection with the collection of debts, to provide them protected information regarding consumer debts that those vendors are not authorized to receive, in violation of the FDCPA.

12.     Plaintiff thus seeks relief on behalf of all similarly situated Kansas and Illinois consumers to whom Defendant caused debt collection letters to be sent that were prepared, printed, or mailed by a third-party vendor.

**Jurisdiction and Venue**

13.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business in this district.

---

[2]      84 FR 23274, at 23396 n.749.

## Parties

15.     Plaintiff is a natural person who at all relevant times resided in Cook County, Illinois.

16.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

17.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, a personal credit card (the "Debt").

18.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19.     Defendant is a limited liability company headquartered in Hutchinson, Kansas.

20.     Defendant "has specialized in facilitating the resolution of delinquent account receivables" since 2001, claiming to "bring integrity and the highest standards of compliance to debt servicing."[3]

21.     Defendant advertises membership in ACA International, the Association of Credit and Collection Professionals.[4]

22.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

23.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

---

[3]     http://ncaks.com/ (last visited May 25, 2021).

[4]     *Id.*

24.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.     Defendant identified itself as a debt collector in its correspondence to Plaintiff.

## Factual Allegations

27.     On or about November 4, 2020, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

28.     A redacted copy of the November 4 letter to Plaintiff is attached as Exhibit A.

29.     The November 4 letter disclosed the balance of the Debt. Ex. A.

30.     The November 4 letter identified the current creditor to whom Defendant alleged the Debt was owed, as well as the original creditor for the Debt. *Id.*

31.     The November 4 letter contained Plaintiff's name and home address and provided additional details of the Debt, including the original account number and Defendant's account number. *Id.*

32.     The November 4 letter also identified Defendant as a debt collector: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

33.     At the time of the November 4 letter, there was no judgment against Plaintiff regarding the Debt.

34.     Defendant did not print the November 4 letter.

35.     Rather, in connection with its collection of the Debt, Defendant provided information regarding Plaintiff and the Debt to a third-party mail vendor—including Plaintiff's

name and address, the amount of the Debt, the name of the current and original creditors, and other private details regarding the Debt.

36.     That third-party vendor then printed the November 4 letter that was sent to Plaintiff.

37.     The third-party vendor also mailed the November 4 letter that was sent to Plaintiff.

38.     A return address on the letter does not match Defendant's address in Hutchinson, Kansas.

39.     That return address on the November 4 letter includes a P.O. Box in Concord, California that is associated with CompuMail, Inc., a third-party mail vendor.

40.     Defendant does not maintain an office in Concord, California.

41.     CompuMail, on the other hand, is headquartered in Concord, California.

42.     CompuMail boasts 20 years of experience as a "direct mail company" with specialization "as a collection agency mail vendor."[5]

43.     According to its website, CompuMail "offers several multi-channel delivery options to help you get your communications delivered and opened faster. In addition to traditional print and mail services, we provide electronic message delivery and online payment portals."[6]

---

[5]     https://www.compumailinc.com/ (last visited May 25, 2021).

[6]     *Id.*

44.     CompuMail offers "Full Color Printing" with "[c]ompletely customizable collection letters and envelopes."[7]

45.     Defendant provided to CompuMail information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and the current and original creditors for the Debt.

46.     Defendant communicated with CompuMail in connection with the collection of the Debt.

47.     Plaintiff did not consent to Defendant communicating with CompuMail in connection with the collection of the Debt.

48.     Plaintiff did not consent to Defendant communicating with any third-party vendor in connection with the collection of the Debt.

## Class Action Allegations

49.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class:

> All persons (a) with a Kansas or Illinois address (b) to which National Credit Adjusters, LLC sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

50.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

51.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

---

[7]     https://www.compumailinc.com/compumail-print-and-mail-services-checklist/ (last visited May 25, 2021).

52.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

53.    The class is ascertainable because it is defined by reference to objective criteria.

54.    In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

55.    The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

56.    To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—communicating in connection with the collection of consumer debts, including the sending of personal, private information regarding those debts, with a third-party vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

57.    Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

58.    Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

60.    Moreover, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

61.     There will be no unusual difficulty in the management of this action as a class action.

62.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

63.     Among the issues of law and fact common to the class:

a.  Defendant's violations of the FDCPA Act as alleged herein;

b.  whether Defendant is a debt collector as defined by the FDCPA;

c.  whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

d.  the availability of declaratory relief;

e.  the availability of statutory penalties; and

f.  the availability of attorneys' fees and costs.

64.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

65.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 64 above.

66.     The FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

67.     By communicating with a third-party mail vendor in connection with the collection of the Debt—including by disclosing, among other things, the existence of the Debt, the amount allegedly owed, and the alleged current and original creditors—Defendant violated

15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

68.     The harm suffered by Plaintiff is particularized in that the illegal communications related to his personal alleged debt.

69.     And the violation of Plaintiff's right not to have his private information shared with third parties is a concrete injury sufficient to confer standing.

70.     To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

71.     As a result of the sharing of his private information in connection with the November 4 letter, Plaintiff is embarrassed and distressed by the disclosure of his sensitive financial details.

72.     Furthermore, Defendant's debt collection conduct also created a material risk of harm to the concrete privacy interests Congress was trying to protect in enacting the FDCPA.

73.     A consumer whose private information concerning sensitive financial topics is shared with third parties is likely to suffer embarrassment, stress, or anxiety about such disclosure, as Plaintiff felt here.

74.     Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading his privacy. *E.g.*, *Robinson v. Cap. One Bank (USA), N.A.*, No. 19-2275, 2020 WL 5819664, at *8 (D. Kan. Sept. 30, 2020) (Crabtree, J.) ("Here, the harm plaintiff alleges is not a 'bare' procedural harm, but rather an

invasion of privacy that may be intangible, yet it resembles a traditional basis for suit and represents a harm that the [Fair Credit Reporting Act] seeks to shield against by carefully prohibiting the conduct plaintiff alleges.").

75.     That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about him without his permission to do so.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.     Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C.     Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Awarding members of the class actual damages, as incurred, pursuant to 15 U.S.C. § 1692k;

F.     Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

G.     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

H.     Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

I.     Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff is entitled to and hereby demands a trial by jury. Plaintiff requests that trial be held in Wichita.

Dated: May 25, 2021

Respectfully submitted,

/s/ *Tony LaCroix*
Tony LaCroix
Reg. Number: 24279
LaCroix Law Firm LLC
1600 Genessee, Suite 956
Kansas City, MO 64102
Tel: (816) 399-4380
tony@lacroixlawkc.com

Jesse S. Johnson (FL Bar No. 69154)*
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com

*Attorneys for Plaintiff and the proposed class*

* to seek admission *pro hac vice*